UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
DORRELL GEORGE GRANT,

                              Petitioner,                  **MEMORANDUM & ORDER**
                                                                    10-CV-2769 (MKB)

               v.

DUKE TERRELL, WARDEN, METROPOLITAN
DETENTION CENTER,

                              Respondent.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Dorrell George Grant, proceeding *pro se*, brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking a reduction in his sentence and an order of immediate release. (Docket Entry No. 1.) For the reasons set forth below, the Court denies the petition.

**I. Background**

       Petitioner was charged in the Southern District of New York with transportation of stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314. (Pet. 1–2). On April 8, 2008, Petitioner pleaded guilty and on July 29, 2009, was sentenced to a term of 57 months imprisonment followed by three years of post-release supervision.[1] (*Id.* at 2; Resp't Mem. 3–4.) On June 15, 2010, after serving 26 months at the Metropolitan Detention Center ("MDC") in Brooklyn, Petitioner filed the instant petition, requesting a two-level sentencing reduction pursuant to the United States Sentencing Guidelines, and an order of immediate release, on the basis of "harsh incarceration." (Pet. 2.) Petitioner argues that although he was classified as a

---

[1] Neither Petitioner nor Respondent address whether Petitioner appealed his sentence.

"minimum custody prisoner that fits all the criteria[] to be in a Federal Prison Camp" he was instead transferred to the MDC, a "Maximum Security Prison" in which "[p]risoners are [on] lockdown 24 hours daily (2) prisoners ha[ve] no access to sunlight (3) no fresh air (4) no air condition (5) housing units exceeds over 100 degrees in the summer (6) limited access to the law library (7) limited access to the leisure library (8) no recreation (8) and limited medical treatment." (*Id.*) Petitioner seeks relief in the form of a reduction in his sentence and an order of immediate release pursuant to 28 U.S.C. § 2241. (*Id.* at 1.) On December 22, 2011, while the petition was pending, Petitioner was released from prison as a result of receiving credit for good conduct time, and is currently serving a three-year term of supervised release. (Docket Entry No. 10, Resp't Letter dated August 12, 2013 ("Resp't Letter") at 1–2.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2241, an application for a writ of habeas corpus is available "to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) and *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir. 1991)). A petitioner is required to show that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013). Matters that may be challenged pursuant to § 2241 include "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Levine*, 455 F.3d at 78 (emphasis omitted) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

### b. The Petition is not moot

Respondent argues that the petition should be dismissed as moot because Petitioner was released on December 22, 2011, and is currently serving a three-year term of supervised release. (Resp't Letter at 1–2.) However, the release of a prisoner to complete a term of post-release supervision does not render a § 2241 petition moot, since the conditions of supervised release satisfies the custody requirement of § 2241. *See Lopez v. Terrell*, 654 F.3d 176, 180 n.2 (2d Cir. 2011) (noting that habeas petitioner who had been released from prison "does not divest us of jurisdiction; he is still 'in custody' for purposes of 28 U.S.C. § 2241 because he remains subject to the conditions of his supervised release."); *Levine*, 455 F.3d at 77 (holding that a petition pursuant to § 2241 was not rendered moot by petitioner's supervised release and noting that "this court may provide habeas relief 'as law and justice require,' which could include a reduction in the petitioner's term of supervised release." (quoting *Sash v. Zenk*, 428 F.3d 132, 133 (2d Cir. 2005), *as amended on denial of reh'g*, 439 F.3d 61 (2d Cir. 2006)); *Jefferies v. Billingsly*, No. 11-CV-4198, 2012 WL 34669, at *2 (S.D.N.Y. Jan. 9, 2012) (finding that petitioner's supervised release did not render his § 2241 petition moot because a successful petition would result in "reduction in the remainder of his sentence, namely, the term of supervised release" (citing *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006)), *report and recommendation adopted*, No. 11-CV-4198, 2012 WL 573718 (S.D.N.Y. Feb. 22, 2012); *Whalen v. Fed. Bureau of Prisons*, No. 09-CV-1572, 2011 WL 2669112, at *2 (E.D.N.Y. June 30, 2011) (noting that the "petitioner had not finished serving his sentence because his liberty remains restricted by supervised release" and finding therefore that the petitioner's supervised release did not render moot his § 2241 petition (internal quotation marks and citation to record omitted)). Because a successful petition could result in a reduction in the terms of Petitioner's supervised release,

Respondent's claim that the petition is moot is rejected.

### c. Petitioner has failed to state a valid basis for the requested relief

Petitioner seeks relief in the form of a two-level sentence reduction and an order of immediate release, based on the conditions of confinement. (Pet. 1, 3.) Petitioner argues that under 18 U.S.C. § 3553(b), a sentencing court may exercise its discretion and depart downward from the United States Sentencing Guidelines based on mitigating circumstances, and cites to cases which held that harsh conditions of confinement can be a basis for justifying a downward departure from a criminal defendant's sentence. (Pet. 4–5 (citing *United States v. Francis*, 129 F. Supp. 2d 612, 616 (S.D.N.Y. 2001), *United States v. Sutton*, 973 F. Supp. 488, 491–95 (D.N.J. 1997), *aff'd*, 156 F.3d 1226 (3d Cir. 1998) and *United States v. Mateo*, 299 F. Supp. 2d 201 (S.D.N.Y. 2004)).) As discussed below, the Court cannot grant the relief requested by Petitioner.

Petitioner argues that § 2241 is the appropriate avenue for bringing his habeas petition because he was notified after he had been sentenced that he was to serve 57 months of his term of imprisonment at the MDC. (Pet. 1.) Petitioner is incorrect. Section 2241 permits habeas petitioners to challenge the post-conviction administration of a sentence, but it does not provide an avenue for challenging the length of a sentence. *See Medina-Rivera v. Terrell*, No. 11-CV-0734, 2011 WL 3163199, at *2 (E.D.N.Y. July 26, 2011) (noting that the petitioner's "desired remedy — a sentence reduction — is not of the type that can be granted in response to [§ 2241] claims regarding conditions of confinement"); *see also Serra v. Terrell*, No. 10-CV-03044, 2013 WL 5522850, at *1 (E.D.N.Y. Sept. 30, 2013) (same); *Scott v. Terrell*, No. 10-CV-3651, 2012 WL 195610, at *2 (E.D.N.Y. Jan. 23, 2012) ("a reduction in sentence[] cannot be granted based on claims of poor conditions of confinement"); *Wright v. Terrell*, No. 10-CV-3492, 2011 WL 5117851, at *2 (D.N.J. Oct. 26, 2011) (rejecting petition brought pursuant to § 2241 by a

4

petitioner who claimed not to challenge the imposition of his sentence and finding that "[p]etitioner is actually seeking a modification of his sentence based on the conditions of his confinement at the MDC Brooklyn, which is not cognizable in a habeas petition under § 2241").

Petitioner's argument that the Court may issue relief pursuant to 18 U.S.C. § 3553 is misplaced. As Petitioner notes, § 3353 authorizes the "sentencing court" to impose a sentence outside the range of the sentencing guidelines. (*See* Pet. 4; 18 U.S.C. § 3553). The statute does not authorize a court addressing a habeas petition to retroactively modify a petitioner's sentence. The cases relied on by Petitioner suggesting that downward departures based on the "conditions of confinement" refer to pre-sentencing conditions of confinement, and were decided by the sentencing judge. *See Francis*, 129 F. Supp. 2d at 614–16 (holding that a sentencing judge may grant a downward departure based on the conditions of an inmate's pre-sentence confinement); *Sutton*, 973 F. Supp. at 491–92 (holding that a sentencing judge may grant a downward departure in sentence based on "allegedly deplorable jail conditions during pre-trial confinement"); *Mateo*, 299 F. Supp. 2d at 212 ("The Court concludes that the combined effects of the two presentence incidents Mateo experienced support a nine-level downward departure.").

Neither 42 U.S.C. § 2241 or 18 U.S.C. § 3353 permit the Court to grant Petitioner the relief he seeks, a reduction in his sentence.

### d. Petitioner failed to exhaust his administrative remedies

In addition, Petitioner failed to exhaust his administrative remedies, precluding this Court from entertaining his claim. A federal prisoner seeking relief pursuant to § 2241 must first exhaust the administrative remedies provided through the facility. *Carmona*, 243 F.3d at 634 (holding that § 2241 petitions must be administratively exhausted before being presented to a federal court); *see also Atkinson v. Linaweaver*, No. 13-CV-2790, 2013 WL 5477576, at *1

5

(S.D.N.Y. Oct. 2, 2013) ("[T]he Second Circuit has held in no uncertain terms that an inmate must exhaust his administrative remedies prior to seeking relief under Section 2241."); *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ("The Second Circuit has established that a prerequisite to federal habeas corpus relief pursuant to § 2241 is the exhaustion of administrative remedies.").

The Federal Bureau of Prisons (BOP) provides a process through which federal prisoners can challenge the conditions of their confinement. *See* 28 C.F.R. § 542.10–19; *Sanchez v. United States*, No. 12-CV-01540, 2012 WL 5987858, at *1 (E.D.N.Y. Nov. 29, 2012) ("For federal inmates challenging the conditions of their confinement, the BOP has established the Administrative Remedy Program, which allows 'an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.'" (quoting 28 C.F.R. §§ 542.10–19)). In order to properly exhaust his claim, Petitioner was required to seek review through the BOP's Administrative Remedy Program, or show that circumstances beyond his control prevented him from pursuing his administrative remedies, *see Carmona*, 243 F.3d at 634, or that "administrative appeal would be futile," *Medina-Rivera*, 2011 WL 3163199, at *2 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 58 (2d Cir. 2003)); *see also Serra*, 2013 WL 5522850, at * 1 n.2 ("A federal inmate challenging the conditions of his confinement must follow the Administrative Remedy Program developed by the BOP." (citations omitted)).

Petitioner concedes that he did not exhaust his administrative remedies, but contends that "the Bureau of Prisons does not have authority to amend . . . or reduce a prisoner sentence." (Pet. 4.) Petitioner argues that the exhaustion requirement should be waived because pursuing the administrative remedy would have been futile. (*Id.* (citing *Goren v. Apker*, No. 05-CV-9006, 2006 WL 1062904, at *4 (S.D.N.Y. Apr. 20, 2006) and *Pimentel v. Gonzales*, 367 F. Supp. 2d

6

365, 371 (E.D.N.Y. 2005)). Petitioner's argument is without merit. The Director of the BOP is authorized by federal statute to move in court to reduce a prisoner's term of imprisonment under various circumstances, including if the Director finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see, e.g.*, *United States v. Maldonado*, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001) (recognizing circumstances in which a sentence may be modified by motion of the Director of the BOP to a federal court).

Moreover, even if the BOP does not have the authority to directly grant a reduction in Petitioner's sentence, it does have the authority to grant Petitioner an improvement in the allegedly harsh conditions of Petitioner's confinement, including transferring Petitioner to another facility. *See* 18 U.S.C. § 3621(b)(5) ("The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another."). Therefore, because utilizing the BOP's administrative remedy process would not have been futile, Petitioner's failure to exhaust his claim bars the Court's review of the petition.

### III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is denied. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken

in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to close the case.

SO ORDERED:

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: May 29, 2014
       Brooklyn, New York